UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROYAL LOVE-CAMP, | Case No. 3:23-cv-00670-MMD-CSD |
| Petitioner, | |
| v. | ORDER |
| WILLIAM GITTERE,[1] *et al.*, | |
| Respondents. | |

On January 23, 2024, this Court entered an order denying Petitioner's motion for appointment of counsel. (ECF No. 6.) Petitioner has filed a motion asking the Court to reconsider that decision. (ECF Nos. 10, 11.) For reasons that follow, the Court grants the motion for reconsideration.

Under 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. But there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his

---

[1]Petitioner is incarcerated at Ely State Prison. Thus, the warden of that facility, William Gittere, is the proper respondent in this case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

With his initial motion, Petitioner claimed "that the issues in this case are complex, that petitioner is unable to adequately present the claims without assistance of counsel, and that Petitioner is unable to retain private counsel to represent him." (ECF No. 8.) Petitioner did not elaborate on this claim or provide any additional information. Noting that "[t]he petition on file in this action is sufficiently clear in presenting the issues that Petitioner wishes to bring" and that "the issues in this case are not particularly complex," the Court denied the motion for the appointment of counsel.

With his motion for reconsideration, Petitioner argues that he was a juvenile when he was charged with the crimes in this case and that he has yet to obtain his G.E.D. (ECF 10 at 1.) He also argues his petition presents questions of fact requiring an evidentiary hearing and that he does not have the ability to investigate the facts of his case. (*Id.* at 2.) Lastly, he asserts that he does not have physical access to the Ely State Prison ("ESP") law library and that the paging system in place for obtaining materials is inadequate for his case. (*Id.* at 2-3.) With respect to the latter, he cites to *Koerschner v. Warden*, 508 F. Supp. 2d 849 (D. Nev. 2007) (appointing counsel in a habeas case because the prison had implemented a policy of prohibiting physical access to the prison law library).

Respondents dispute Petitioner's claim that he lacks access to law library materials but does not otherwise contest his motion for appointment of counsel. (ECF No. 13.) Respondents claim that "NDOC law library material is available digitally through a Lexis Nexis subscription and is printed out for any inmate," provided the inmate submits a request form. (*Id.* at 3.) They also claim that an inmate may, upon request, visit the law library in person "provided the inmate is housed in Level One or is minimum custody." (*Id.*) Finally, they contend that Petitioner has neither made a request for any law library materials nor made a request to visit the library while housed at ESP. (*Id.*)

1  Petitioner replies that he has never been housed in Level One or been classified
2  as a minimum custody inmate, so he has not been eligible for in-person visits. (ECF No.
3  14 at 2.) He also disagrees that submitting requests by form provides him with adequate
4  access to legal material. (*Id.*) He further points out that, until December 14, 2023, he was
5  represented by counsel, so he had no need to request any law library materials before
6  that date. (*Id.* at 4.)

7  This Court concludes that Petitioner's motion for appointment of counsel should
8  be granted. Petitioner stands convicted of second-degree murder and was sentenced to
9  12 years to life for an offense committed when he was sixteen years old. (ECF No. 7 at
10 2, 24.) With his renewed motion, he demonstrates that limitations imposed by his level of
11 education and restricted access to legal resources significantly impair his ability to
12 prosecute his habeas case without the assistance of counsel. In addition, his petition
13 presents nonfrivolous claims for relief. In sum, the Court finds that the interests of justice
14 warrant the appointment of counsel.

15 It is therefore ordered that Petitioner's motion for reconsideration/appointment of
16 counsel (ECF Nos. 10, 11) is granted.

17 It is further ordered that the Federal Public Defender for the District of Nevada
18 ("FPD") is appointed to represent the Petitioner.

19 It is further ordered that the Clerk of Court electronically serve the FPD a copy of
20 this order, together with a copy of the petition for writ of habeas corpus (ECF No. 7). The
21 FPD has 30 days from the date of entry of this order to file a notice of appearance or to
22 indicate to the court its inability to represent Petitioner in these proceedings.

23 ///
24 ///
25 ///
26 ///
27 ///
28

It is further ordered that after counsel has appeared for the Petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

DATED THIS 5th Day of March 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE